# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TINA M. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-913-R |
| | ) |
| BALFOUR BEATTY | ) |
| COMMUNITITES, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Motion to Dismiss, Doc. No. 7, filed by Defendant Balfour Beatty Communities pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded, Doc. No. 11, and Defendant replied, Doc. No. 12. For the reasons set forth below, the Court grants Defendant's motion.

On August 13, 2019, Plaintiff commenced this wrongful termination action in tort against Defendant in the District Court of Oklahoma County, Oklahoma. Doc. No. 1, Ex. 4. On October 1, 2019, Defendant removed the action pursuant to 28 U.S.C. § § 1332, 1441, and 1446 on grounds of diversity jurisdiction. *Id.* Defendant now seeks dismissal arguing that Plaintiff's Complaint is vague, ambiguous and therefore not in compliance with federal pleading standards. Doc. No. 7. Plaintiff objects, arguing that her Complaint is sufficient under both Oklahoma and Federal pleading standards.[1] Doc. No. 11.

---

[1] In her response to Defendant's Motion to Dismiss, Plaintiff attached a number of exhibits for the Court to consider. The Court cannot, however, examine these exhibits. *See Jackson v. Integra, Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991) ("When ruling on a Rule 12(b)(6) motion, the district court must examine only the plaintiff's complaint . . . the district court cannot review matters outside the complaint.").

1

As an initial matter, that Plaintiff's Complaint may be sufficient under Oklahoma's notice pleading standard is irrelevant. "Upon removal of this action to federal court, the sufficiency of the allegations of the Complaint are governed by federal pleading standards, not, as Plaintiff contends, the Oklahoma Pleading Code." *Weist v. Davol, Inc.*, No. CIV-14-668-D, 2014 WL 3928559, at *1 (W.D. Okla. Aug. 4, 2014).

In reviewing Defendant's motion under the appropriate standard in Rule 12(b)(6), the Court must determine whether Plaintiff has stated a claim upon which relief may be granted. The motion is properly granted when the Complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 570. The Court must accept all the well-pleaded allegations of the Complaint as true and must construe the allegations in the light most favorable to Plaintiff. *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). But the Court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).

Plaintiff has not satisfied the pleading standard set by Rule 12(b)(6). Under Oklahoma law, a wrongful termination claim is viable under a tort theory only "where an employee is discharged for refusing to act in violation of an established and well-defined

public policy or for performing an act consistent with a clear and compelling public policy." *Burk v. K-Mart Corp.*, 770 P.2d 24, 29 (Okla. 1989). "[T]o prevail in an action brought for a wrongful discharge in violation of Oklahoma's public policy, a plaintiff must first identify an Oklahoma public policy goal that is clear and compelling and articulated in existing constitutional, statutory or jurisprudential law." *McCrady v. Okla. Dep't of Pub. Safety*, 122 P.3d 473, 475 (Okla. 2005). Here, Plaintiff has failed to allege that the termination of her employment violated Oklahoma public policy or even refer to any purported "clear and compelling" Oklahoma public policy goal. Therefore, Plaintiff has failed to properly plead her claim and her action for wrongful termination is dismissed for failure to state a claim upon which relief may be granted. *See Blough v. Rural Elec. Coop, Inc.*, 689 F. App'x 583, 587 (10th Cir. 2017) (affirming dismissal of wrongful termination claim because Plaintiff failed to allege that the termination of his employment violated Oklahoma public policy).

Plaintiff also argues that if her Complaint is deemed insufficient, leave to amend is the appropriate remedy—not dismissal. Defendant objects to Plaintiff's request to amend her Complaint. The Court will consider a properly supported motion for leave to amend Plaintiff's Complaint that complies with both the Western District's Local Civil Rules and the Federal Rules of Civil Procedure but will not grant authorization premised on the request in Plaintiff's response brief. Plaintiff is hereby granted 10 days to file for leave to amend her Complaint.

**IT IS SO ORDERED** this 6th day of January 2020.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE